' KARL v. PILKINGTON.

(Second Division. Nome. March 25, 1904.)

No. 909. ·

INJUNCTION—GROUNDS—ADEQUACY OF REMEDY AT LAW.

Pending the action by plaintiff to recover possession of a town lot, and after verdict in his favor, defendant forcibly removed and carried away a dwelling house from the lot. *Held*, the court had no jurisdiction to issue a mandatory injunction to compel defendant to restore the house, since plaintiff has a plain, speedy, and adequate remedy at law for damages.

[Ed. Note.—For cases in point, see vol. 27, Cent. Dig. Injunction, § 16.]

. The motion for injunction is made pending an action to recover the possession of a town lot in the city of Nome, and prays for a mandatory injunction commanding and compelling the defendant to restore to the premises the dwelling house which was removed therefrom by the defendant since the rendering of the verdict for the plaintiff at the trial of said action.

A motion for a new trial is now pending and undisposed of.

The affidavit in support of the motion for the injunction recites that the action was brought under the provisions of chapter 32, tit. 2, of the Civil Code of Procedure of Alaska, to recover possession of a portion of lot 12, block 62, according to the new survey of said city; quotes the verdict rendered November 24, 1903, awarding the possession of said lot to the plaintiff; next avers that a motion for. a new trial had been served on plaintiff's counsel on the 27th day of November, 1903, and that a frame dwelling house was at all times since the bringing of the action, and until November 29, 1903, erected upon said premises, and that on the date last mentioned the defendant wrongfully and unlawfully removed said dwelling house,. with a large force of men and with force and arms, from said lot, it being a part of the subject of the action; and

that said acts so committed by defendant were in violation of plaintiff's rights concerning the subject of the action, and directly tending to render the judgment ineffectual.

MOORE, District Judge.  The plaintiff bases his right to the relief asked on section 386 of the Civil Code of Procedure, which provides, among other things, that "when it appears by affidavit that the defendant is doing or threatens or is about to do, or is procuring or suffering to be done, some act in violation of the plaintiff's rights concerning the subject of the action, and tending to render the judgment ineffectual, an injunction may be allowed to restrain" such act.

The jurisdiction to grant mandatory injunctions is exercised with extreme caution by courts of equity, and is confined to cases where the courts of law are unable to afford adequate redress, or where the injury cannot be compensated in damages.  This rule of law, quoted from High on Injunctions (1st Ed.) § 2, prescribes the limitations to the authority of courts to grant this extraordinary writ.  So, also, in Spelling on Injunctions (section 1021, pp. 871, 872) the doctrine is announced that:

"Courts are very reluctant to insert a mandatory clause in a preliminary injunction; the general rule being that a mandatory injunction, or one which commands the defendant to do some positive act, will not be ordered except upon final hearing, and then only to execute the decree or judgment of the court."

These authorities, as well as the deliverances of the courts generally, admonish us that the power to grant the mandatory injunction is a yet more delicate one than the power to grant the other more common one of the strictly preventive class.

The injunction sought by the plaintiff is also of the interlocutory class.  The object of such an injunction is declared by High (section 4, p. 4, of his work on Injunctions) to be "merely to prevent the further perpetration of wrong, or the

doing of any act whereby the right in controversy may be materially injured or endangered." He adds:

"It cannot be used for the purpose of taking property out of the possession of one party, and putting it into the possession of another, nor does it go to the extent of ordering a defendant to undo what he has already done; since it might thereby be productive of as much injury to defendant as that of which the party aggrieved complains."

And the author adds:

"Courts of equity will only act prospectively, and will interpose only such restraint as may suffice to stop the mischief complained of, and preserve matters in statu quo."

It is seen that the mandatory injunction may be authorized after a final hearing, which could not with any degree of propriety be granted as an interlocutory means of relief.

Looking to the words of the statute which the plaintiff invokes in this case, it is found that the acts contemplated by the statute which will entitle the party to the restraining relief thereby provided are continuing acts, working injury to a plaintiff, or acts threatened to be done in violation of his rights. In no clause of the statute does it appear that it is intended to afford redress or relief for a completed act or act already done. The statute was manifestly drawn in line with the general law of injunctions, and not in any way to confer new or unusual powers upon the courts of Alaska to grant injunctions. We are thus authorized by the statute to rest our decisions of this question, presented by this motion, upon the law of injunctions as it has been declared and conceded to be by the courts of the land. It will not be disputed that the acts which the plaintiff would have a court of equity summarily redress constitutes a clear trespass, and, as such, the resulting damage to the plaintiff can be fully and adequately compensated by an action at law. This being conceded by all, as it must be, the difficulties in the way of a proper disposition of this motion by the court are dispelled, since the courts

2 A.R.—13

almost .without dissent have decided that, "where a trespass is entirely completed, so that its effect may be measured in damages, an injunction will not be granted." Vide the line of authorities cited in Am. & Eng. Enc. of Law (1st Ed.) vol. 10, p. 790.

It will not be contended, I think, that the injury wrought by the defendant to the plaintiff's rights is irreparable, or that the damages resulting from the removal of the. house may not be adequately compensated at law, by reference to certain legal standards of measurement.

The action of the defendant in removing the building, while somewhat offensive to the court, in view of the fact that a verdict had gone against the defendant for the premises in controversy, was one which might have been prevented by a timely application for an injunction; yet now that the mischief is fully accomplished, the plaintiff has passed without the province of a court of equity, and within the exclusive domain of a court of law.

To the protection of a court of law the plaintiff must be remitted, and this motion for a mandatory injunction will be refused.